# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION

| | |
|---|---|
| NATHANIEL SWINT, | )<br>) |
| Petitioner, | ) |
| v. | ) Civil Action<br>) No. 11-3335-CV-S-RED |
| JUAN CASTILLO, Warden, United States Medical Center for Federal Prisoners, | )<br>)<br>)<br>) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus in which he challenges his conviction and sentence. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because this Court lacks jurisdiction of petitioner's claims, it will be recommended that the petition be dismissed without prejudice.

As grounds for relief in habeas corpus, petitioner appears to challenge his conviction and sentence, asserting that he was deprived of his liberty without due process, under a double-sentencing scheme; that his sentence constitutes cruel and unusual punishment; that he was denied the right to submit a specific jury instruction; and that he was denied a fair trial. He identifies the sentencing court as the United States District Court for the Eastern District of Pennsylvania.

The law is clear that a petitioner who seeks to attack the validity of a federal sentence must do so in the sentencing court pursuant to 28 U.S.C. § 2255 unless it appears that the motion is inadequate or ineffective to test the validity of the detention. E.g., Winston v. Mustain, 562 F.2d 565, 566 (8th Cir. 1977). A petitioner has the burden, moreover, of showing that the "inadequate

or ineffective" test has been met. Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam).

Regardless of petitioner's contentions, the action is improperly filed under the provisions of 28 U.S.C. § 2241. The issues he raises are cognizable, if at all, in the sentencing court. Petitioner has failed to demonstrate that the § 2255 remedy is inadequate or ineffective. It is clear that this Court lacks jurisdiction of petitioner's claims. Accordingly, it must be recommended that the petition be dismissed without prejudice.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri,

RECOMMENDED that petitioner be denied leave to proceed in forma pauperis, and that the petition herein for writ of habeas corpus be dismissed without prejudice.

/s/ James C. England
JAMES C. ENGLAND
United States Magistrate
Judge

Date: 9/9/11